JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Moore & Moore General Contractors, Inc.

## DEFENDANTS
Scottsdale Insurance Company and Wayne E. Jones

**(b)** County of Residence of First Listed Plaintiff   Harris County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Pima County, AZ
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William Lundquist and Robert Green, Clark, Burnett, Love & Lee, G.P. 440 Louisiana Suite 1600, Houston, TX, 77002 713.757.1400

Attorneys (If Known)
Randall Walters, Walters, Balido Crain LLP, 900 Jackson Street, Suite 600, Dallas, TX 75202 214.749.4805

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1446
Brief description of cause:
Hurricane Ike insurance coverage claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE                    DOCKET NUMBER

DATE
11/01/2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #         AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOORE & MOORE GENERAL | § | |
| CONTRACTORS, INC. | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:10-cv-4240 |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
| AND WAYNE E. JONES | § | |
|     Defendants. | § | |

## DEFENDANT'S, SCOTTSDALE INSURANCE COMPANY, NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and would show this Court as follows:

### PROCEDURAL HISTORY

1.    On September 13, 2010, Moore and Moore General Contractors, Inc. ("Plaintiff") filed Plaintiff's Original Petition and initiated an action against Defendants, Scottsdale Insurance Company and Wayne E. Jones, in the 61st District Court of Harris County, Texas, in Cause No. 2010-59052 ("the State Court Action"). See Exhibit "A" attached hereto and incorporated herein by reference.

2.    On October 1, 2010, Scottsdale was served through the Texas Secretary of State with a copy of the Citation and Plaintiff's Original Petition. *See* Exhibit "B" attached hereto and incorporated herein by reference. Defendant did not receive a copy of citation and petition until October 14, 2010. Scottsdale filed its answer in the State Court Action on October 19, 2010.

3.    Scottsdale's Notice of Removal was filed on November 1, 2010, and within the thirty-

day statutory time period for removal. 28 U.S.C. §1146(b).

## DIVERSITY JURISDICTION

4.      Plaintiff is a corporation domiciled in Texas and owning property in Harris County, Texas.

5.      Defendant, Scottsdale Insurance Company, is a company organized under the laws of the state of Ohio with its principal place of business in the State of Arizona.

6.      Defendant Wayne E. Jones, is an individual who resides in and is a citizen of Texas. However, Mr. Jones' citizenship should be disregarded because Plaintiff fraudulently joined him as a party for the sole purposes of defeating diversity of citizenship in this case.

### *Wayne E. Jones is Improperly Joined*

7.      Fraudulent joinder is determined based on an analysis of the causes of action alleged in the petition at the time of removal. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). If no viable claims exist against the non-diverse defendant, its presence must be disregarded for jurisdictional purposes. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994). It is well-settled that the right to remove a civil action upon the basis of diversity jurisdiction cannot be defeated by the improper joinder of a resident defendant having no real connection with the controversy. *See Wilson. V. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Thus, when determining whether diversity jurisdiction exists, courts shall disregard the citizenship of fraudulently joined defendants. *Tedder, 590 F.2d at 117.* The fraudulent joinder doctrine applies when there is (1) actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court. *Id.*

8.      Jones has been improperly joined in this case to defeat diversity jurisdiction as there

is "no possibility of recovery" by [Plaintiff] against Jones, meaning "there is no reasonable basis for the district court to predict that [Plaintiff] might be able to recover" against Jones. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573. Plaintiff named Jones as a defendant, but did not make specific allegations of wrongdoing against him. Instead, Plaintiff plead conclusions and repeatedly allege that Defendants, Scottsdale and Jones are liable. A conclusory allegation is insufficient to preclude removal due to fraudulent joinder. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

9.　Plaintiff alleges, *inter alia,* that Jones failed to fully quantify Plaintiff's damages, and failed to fairly evaluate the claim. *See* Exhibit "A" at ¶ 21. If Jones is being sued based upon his adjustment of the claim, then it can be assumed the Plaintiff did not agree with the adjustment. Disagreement over an estimate for damages merely establishes a bona fide dispute as to the amount of loss. *Spicewood Summit Office Condominiums Ass'n, Inc. V. America First Lloyd's Ins. Co.*, 287 S.W. 3d 461, 470 (Tex.App.-Austin 2009, pet. filed). Evidence establishing only a "bona fide coverage dispute," without more, does not rise to the level of bad faith. *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998).

10.　Plaintiff further alleges Jones "failed to conduct a reasonable investigation of Plaintiff's claim," and "failed to fairly evaluate" Plaintiff's claim. *See* Exhibit "A" ¶¶ 21-22. These claims are essentially that Jones allegedly negligently investigated or adjusted the Plaintiff's claim and Texas does not recognize a cause of action for negligent claims handling. *Flynn v. State Farm Fire & Cas. Ins. Co.*, 605 F.Supp.2d 811 (W.D. Tex. 2009).

11.　Further, Plaintiff fails to state a claim against Jones because, as an independent adjuster hired exclusively by an insurer to investigate a property damage claim, he cannot be liable

to the insured for an alleged improper investigation. The Fifth Circuit said in *Hornbuckle* that:

> ...we conclude that there is no reasonable possibility that Texas would allow recovery under Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA)(sic)) against an insurance company employee, who in the course of his employment engages in the business of insurance, *in the absence* of evidence sufficient to sustain a finding that the employee *himself* committed a violation of Article 21.21 (or the DPTA)(sic)(and that such violation was a cause of damage or legally recognized harm to the plaintiff). Id. at 544-545.

12.     Removal jurisdiction is determined by looking to the claims and specific facts alleged, or lack thereof, in plaintiff's petition as they exist at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Just in mentioning a defendant and then failing to state specific actionable conduct against him does not suffice to state a claim. *See Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). The Fifth Circuit has affirmed the finding of fraudulent joinder when a plaintiff's petition alleges no actionable facts specific to the individual defendant. In *Griggs*, the only conduct alleged in the petition on the part of the insurance agent defendant was that he issued the policy; the rest of the pleading referred to conduct by the "Defendants" that could in no way be attributed to the agent. *Id.* at 699. In *Cavallini*, after recounting the petition, which mentioned the individual defendant only in the introduction and service of process paragraph and thereafter made allegations against only the defendant insurance company or "Defendants," the Court stated simply: "No more need be said. As reflected above, the complaint fails to state a claim" against the individual. *Cavallini* 44 F.3d at 260-61 & n. 8.

13.     In the instant case, Plaintiff does not allege any specific facts in support of the causes of action it allegedly has against Jones. Plaintiff has plead causes of action against Jones for violations of the Texas Unfair Settlement Practices Act, fraud and violations of the DTPA. Exhibit "A" at ¶¶ 19-23; 26-30. Plaintiff's pleading against the Defendant tracks the language of a number of the

enumerated acts and practices that could constitute violations under the Insurance Code and DTPA. Plaintiff generally complains of (1) misrepresentation of unspecified material facts to Plaintiff; (2) alleged failure to effectuated a prompt, fair and equitable settlement of the claim; (3) alleged failure to provide a reasonable explanation; and (4) alleged failure to affirm or deny coverage. Exhibit "A" at ¶¶ 21-23. These "allegations" are <u>conclusions</u>. Plaintiff does not plead any specific acts by Jones that support any of the allegations as to him.

14.     Further, although Plaintiff alleged fraud against Jones, there are no factual statements made to support this claim either. No representations made by Jones are identified. Plaintiff merely speaks of the representations as those portions of the Texas Insurance Code that it has cited. No actual representations made by Jones are identified. Hence, the claim of fraud is unsupportable as well.

15.     The DTPA claims are brought against both Jones and Scottsdale as "Defendants". There is no specific allegation as against Jones. In *Cavallini*, after recounting the petition, which mentioned the individual defendant only in the introduction and serve of process paragraph and thereafter made allegations against only the defendant insurance company or "Defendants," the Court stated simply: "No more need be said. As reflected above, the complaint fails to state a claim" against the individual. *Cavallini* 44 F.3d at 260-61 & n. 8. Thus, there is no independent claim against Jones for violations of the DTPA.

16.     Recently, two federal courts have denied motions to remand in similar cases. The courts have held that failure to plead the factual basis of Insurance Code violations against an individual adjuster that is a resident defendant is insufficient to prevent removal to federal court. *See Lakewood Chiropractic Center v. Travelers Lloyds Insurance Co.*, et al., 2009 WL 3602043, No. H-09-1728 (S.D. Tex. 2009); *First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*,

2008 WL 4533729 (E.D. Tex. 2008) (not designated for publication). In *Lakewood*, a Southern District of Texas judge held that the near verbatim recitation of portions of the Insurance Code failed to allege facts that could be attributed to the individual, resident defendant. *Id.* The defendant should not have to glean from the petition what is being alleged. *Id.* Here, Plaintiff does not plead what misrepresentations were made concerning the adjustment of the claim or proceeds under the policy. Further, Plaintiff has not alleged Jones made any specific representations regarding the policy's coverage. Plaintiff has failed to plead a viable claim against Jones for violation of the Texas Insurance Code. *See Crocker*, 211 S.W.3d at 938-39.

***Amount in Controversy***

17.     This Defendant believes there is more than $75,000.00, exclusive of interest and costs, in controversy in this lawsuit. The "matter in controversy" under 28 U.S.C. § 1332(a) is determined by the Plaintiff's allegations requesting actual damages, consequential damages, treble damages, damages under the Texas Insurance Code and exemplary damages along with the estimate produced by Plaintiff during the pendency of the insurance claim for $65,238.00. All demonstrate Plaintiff seeks damages well in excess of $75,000.00 and the "amount in controversy" is above $75,000. Although Plaintiff's Original Petition does not allege a maximum amount of damages being sought, the Plaintiff prays for three times the amount of its actual damages. Thus, the amount in controversy is more than the jurisdictional minimum. See Exhibit "A."

18.     A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas., Co*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). Only "expenses and costs" are excluded from the calculation of the matter in controversy. 28 U.S.C. §

1332(a). Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert. denied, 534 U.S. 894 (2001).

**INFORMATION FOR THE CLERK PURSUANT TO LOCAL RULE CV-81(C)**

19.     Plaintiff:     Moore & Moore General Contractors, Inc.

20.     Defendants:     Scottsdale Insurance Company; Wayne E. Jones

21.     The case is pending in state court of Harris County:

> 61st Judicial District Court
> Harris County Courthouse
> 201 Caroline
> Houston, TX 77002
> (713) 368-6070

22.     A civil cover sheet is attached. A copy of Plaintiff's Original Complaint is attached as Exhibit "A". A copy of service is attached as Exhibit "B". A certified copy of the state court's docket sheet has been requested and will be supplemented. A copy of the answer for Scottsdale Insurance Company is attached as Exhibit "C." There are no other pleadings in state court.

23.     Counsel for Plaintiffs, Moore and Moore General Contractors, Inc.:

> WILLIAM W. LUNDQUIST
> TBN: 24041369
> Clark Burnett Love & Lee, G.P.
> 440 Louisiana, Suite 1600
> Houston, Texas 77002
> 713.757.1400
> Fax: 713.425.5315
>
> and
>
> ROBERT D. GREEN
> TBN 08368025
> Robert D. Green & Associates, P.C.
> 440 Louisiana Street, Suite 1930
> Houston, Texas 77002

713.654.9222
Fax: 713.654.2155

24.    Counsel for Defendant, Scottsdale Insurance Company:

WALTERS, BALIDO & CRAIN, L.L.P.
RANDALL G. WALTERS
TBN 20819480
Founders Square
900 Jackson Street, Suite 600
Dallas, Texas 75202
214/347-8381  - FAX
214/347-8380 - DIRECT
214/749-4805 - MAIN

DAVID H. BRADLEY
TBN   00783704
2077 South Gessner, Suite 230
Houston, Texas  77063
713/335-0285
FAX 713/335-0286

25.    An index of matters is attached as Exhibit "D," excluding the exhibit referenced within.

**Jury Demand**

26.    Plaintiff and Defendant demanded a jury trial in state court.

**Miscellaneous**

27.    On the same day this Notice of Removal was filed, Defendant filed notice of this removal in the State Court Action. A copy of this Notice of Removal filed in the State Court Action is attached as Exhibit "E."

28.    Because Plaintiff is a citizen and resident of Texas, Defendant, Scottsdale, is a business organized under the laws of Ohio and has its principal place of business in Arizona; and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity

of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

WHEREFORE, Scottsdale Insurance Company respectfully requests that the above entitled

action be removed from the 61st District Court of Harris County, Texas, to the United States District

Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: _____
RANDALL G. WALTERS - 20819480
ATTORNEY-IN-CHARGE FOR DEFENDANT
Founders Square
900 Jackson Street, Suite 600
Dallas, Texas 75202
214/347-8381  - FAX
214/347-8380 - DIRECT
214/749-4805 - MAIN

WALTERS, BALIDO & CRAIN, L.L.P.
DAVID H. BRADLEY - 00783704
2077 South Gessner, Suite 230
Houston, Texas  77063
713/335-0285
FAX 713/335-0286

## CERTIFICATE OF SERVICE

This is to certify that on this the 1ST day of November, 2010 a true and correct copy of the
above document has been forwarded to all counsel of record.

_____
RANDALL G. WALTERS

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL**- PAGE 9

# EXHIBIT A

**2010-59052 / Court: 061**

Filed 10 September 13 P2:41
Loren Jackson - District Clerk
Harris County
ED101J015956144
By: Ruth McDugle

CAUSE NO. _____

| | | |
|---|---|---|
| **MOORE & MOORE GENERAL** | § | **IN THE DISTRICT COURT OF** |
| **CONTRACTORS, INC.** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SCOTTSDALE INSURANCE COMPANY** | § | |
| **AND WAYNE E. JONES,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

Moore & Moore General Contractors, Inc. ("Plaintiff") files this *Plaintiff's Original Petition*, complaining of Scottsdale Insurance Company ("Scottsdale") and Wayne E. Jones ("Jones") (each a "Defendant" and in combination the "Defendants"), and would respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and requests that the Court enter an appropriate scheduling order.

### II.
### PARTIES

2.    Plaintiff is a corporation domiciled in Texas and owning property in Harris County, Texas.

3.    Defendant Scottsdale is a foreign insurance company engaged in the business of insurance in Texas.  This Defendant has not designated or maintained a resident agent for service of process in Texas.  Accordingly, this Defendant may be served with process pursuant to § 17.044 of the TEX. CIV. PRAC. & REM. CODE by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as this Defendant's agent for service.  Request is made that the Secretary of State immediately forward a duplicate copy of the process to this Defendant's agent for service, Michael

Dean Miller, President, Scottsdale Insurance Company, 8877 North Gainey Center Drive, Scottsdale, AZ 85258, by certified mail, return receipt requested. This Defendant has sufficient business contact with the State of Texas to make it amenable to service of process.

4.      Defendant Jones is an individual residing in Texas, and may be served with process at 421 Shepherds Crook, Helotes, TX 78023.

5.      The Clerk is requested to issue Citation.

### III.
### JURISDICTION AND VENUE

6.      This Court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of the Court, and because the events giving rise to Plaintiff's claims occurred in this jurisdiction.

7.      This Court has jurisdiction over Defendant Scottsdale because this Defendant committed a tort in Texas and because this Defendant engages in the business of insurance in Texas.

8.      This Court has jurisdiction over Defendant Jones because this Defendant is a resident of Texas, because this Defendant committed a tort in Texas and because this Defendant engages in the business of insurance in Texas.

9.      Venue is proper in this county because the property at issue in this case is in this county, and because the events giving rise to this lawsuit occurred in this county.

### IV.
### FACTS

10.     On September 13, 2008, Plaintiff owned certain property with improvements and personal property located at 517 South 16th, La Porte, TX 77572 (the "Property"), which was insured by insurance policy number CPS0895709, issued by Defendant Scottsdale (the "Policy").

11.     On September 13, 2008, Hurricane Ike struck Southeast Texas, causing severe damage to the Property.

12.     After Hurricane Ike, Plaintiff made claims (claim number 1233269) and demand for payment on Defendant Scottsdale for damages to the Property and other damages covered by the terms of the Policy (the claims together, the "Claim").

13.     Subsequent to Plaintiff making the Claim, Defendant Scottsdale assigned its employee and/or agent Defendant Jones to work on Plaintiff's Claim. Defendant Jones was an employee and/or agent of Defendant Scottsdale and was acting in furtherance of the business of Scottsdale at all times material while adjusting the Claim. All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's Claim. Further, Defendant Scottsdale has refused to pay all amounts due and owing under the Policy for the Claim.

14.     Plaintiff has complied with any and all Plaintiff's obligations under the Policy.

**V.**
**CAUSES OF ACTION**

**A. Count One: Breach of Contract** (against Defendant Scottsdale).

15.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Scottsdale. Defendant Scottsdale breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant Scottsdale's breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff.

**B. Count Two: Unfair Settlement Practices** (against all Defendants).

16.     Defendants violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices.

<u>Defendant Scottsdale</u>

17.     Defendant Scottsdale engaged in unfair settlement practices by:

    a)  Misrepresenting to Plaintiff material facts or policy provisions relating to the coverage at issue;

    b)  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant Scottsdale's liability under the Policy was reasonably clear;

    c)  Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant Scottsdale's denial of the Claim or offer of a compromise settlement of the Claim;

    d)  Failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff or to submit a reservation of rights to Plaintiff; and/or

    e)  Refusing to pay Plaintiff's Claim without conducting a reasonable investigation with respect to the Claim.

18.     Each of the foregoing unfair settlement practices was completed knowingly by Defendant Scottsdale, and was a producing cause of Plaintiff's injuries and damages.

<u>Defendant Jones</u>

19.     Defendant Jones was an insurance adjuster assigned by Defendant Scottsdale to adjust the Claim, and was charged with investigating the Claim and communicating with the insured about Policy terms.  Insurance adjusters are "persons engaged in the business of insurance" under the Texas Insurance Code § 541.001, *et seq*., and are individually liable for their individual violations of the Texas Insurance Code.  *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998).

20.     Defendant Jones was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including fully quantifying:  1) the damage to the structure of Plaintiff's business; 2) Plaintiff's business personal property losses; and 3) Plaintiff's business income losses.

21.     Defendant Jones failed to fully quantify Plaintiff's damages, thus demonstrating that he did not conduct a thorough investigation of the Claim.  Defendant Jones failed to fairly evaluate and adjust Plaintiff's Claim as he is obligated to do under the terms of the Policy and Texas law.  By failing to properly investigate the Claim, and by undervaluing the claim, Defendant Jones engaged in unfair settlement practices by misrepresenting material facts to Plaintiff – the true value of Plaintiff's covered loss.  Defendant Jones also failed to provide Plaintiff a reasonable explanation as to why Defendant Scottsdale was not compensating Plaintiff for the full value of Plaintiff's covered losses.

22.     In summary, Defendant Jones individually engaged in unfair settlement practices by:

   a)  Misrepresenting to Plaintiff material facts or policy provisions relating to the coverage at issue;

   b)  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant Scottsdale's liability under the Policy was reasonably clear;

   c)  Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant Scottsdale's denial of the Claim or offer of a compromise settlement of the Claim;  and/or

   d)  Failing to conduct a reasonable investigation of Plaintiff's Claim.

23.     Each of the foregoing unfair settlement practices was completed knowingly by Defendant Jones and was a producing cause of Plaintiff's injuries and damages.

**C. Count Three: Prompt Payment of Claims** (against Defendant Scottsdale).

24.     The Claim is a claim under an insurance policy with Defendant Scottsdale, of which Plaintiff gave Defendant Scottsdale proper notice.  Defendant Scottsdale is liable for the Claim.  Defendant Scottsdale violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

    a)  Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant Scottsdale reasonably believed would be required within the time constraints provided by TEX. INS. CODE § 542.055;

    b)  Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE § 542.056; and/or by

    c)  Delaying payment of the Claim following Defendant Scottsdale's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058.

**D. Count Four: Breach of the Duty of Good Faith and Fair Dealing/Bad Faith** (against Defendant Scottsdale).

25.     Defendant Scottsdale breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant Scottsdale knew or should have known that liability was reasonably clear.  Defendant Scottsdale's conduct proximately caused Plaintiff's injuries and damages.

**E. Count Five: Violations of the Texas Deceptive Trade Practices Act** (against all Defendants).

26.     Defendants' conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, *et seq.* ("D.T.P.A.") by engaging in "false, misleading or deceptive acts and practices."

27.     Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

28.   Defendants committed numerous violations of the D.T.P.A., insofar as Defendants:

  a)  Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

  b)  Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

  c)  Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

  d)  Generally engaged in unconscionable courses of action while handling the Claim; and/or

  e)  Violated the provisions of the Texas Insurance Code described herein.

29.   Defendants took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to Plaintiff's detriment. Defendants' acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendants' violations of the D.T.P.A., Plaintiff suffered actual damages. In addition, Defendants committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

   **F. Count Six: Common Law Fraud** (against all Defendants).

30.   Defendants knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits. Defendants allowed Plaintiff to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment. Plaintiff relied upon said statements in accepting the denial and/or underpayment for the Claim, and suffered injury as a result.

## VI.
## DAMAGES

31.     Upon the trial of this case, it shall be shown that Plaintiff was caused to sustain damages as a result of Defendants' conduct.  Plaintiff respectfully requests the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future.  There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred and to be incurred.  From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post judgment interest, court costs, consequential damages, attorneys' fees, treble damages, statutory interest, mental anguish damages, and exemplary damages.

## VII.
## JURY DEMAND

32.     Plaintiff requests a jury trial, and herewith tenders a jury fee.

## VIII.
## REQUEST FOR DISCLOSURE

33.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## IX.
## PRAYER

34.     **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that final judgment be rendered for Plaintiff as follows:

1)  Judgment against Defendants for actual damages in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit; and

9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Respectfully submitted,

CLARK, BURNETT, LOVE & LEE, G.P.

BY:   /s/ William. W. Lundquist____
     **William W. Lundquist**
     State Bar No. 24041369
     **Caryn M. Papantonakis**
     State Bar No. 24013311
     **Riley L. Burnett, Jr.**
     State Bar No. 03428900
     440 Louisiana, Suite 1600
     Houston, Texas 77002
     Telephone: (713) 757-1400
     Facsimile:   (713) 425-5315

     **Robert D. Green**
     Robert D. Green & Associates, P.C.
     State Bar No. 08368025
     440 Louisiana St., Ste. 1930
     Houston, Texas 77002
     Telephone: (713) 654-9222
     Facsimile:   (713) 654-2155

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT B

# The State of Texas



Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

**Secretary of State**

RECEIVED

OCT 1 4 2010

CLAIMS LEGAL

October 5, 2010

Scottsdale Insurance Company
Dean Miller, President
8877 N Gainey Center Dr
Scottsdale, AZ 85258

> **2011-189722-1**
> Include reference number in
> all correspondence

RE:  Moore & Moore General Contractors Inc Vs Scottsdale Insurance Company
     61st Judicial District Court Of Harris County, Texas
     Cause No: 201059052

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt
requested, a copy of process received by the Secretary of State of the State of Texas on
October 1, 2010.

CERTIFIED MAIL #71603901984864453923

Refer correspondence to:

William W Lundquist
Robert D.Green & Associates P.C.
440 Louisiana Ste 1600
Houston, TX 77002

Sincerely,

*Helen Lupercio*

Helen Lupercio
Team Leader, Citations Unit
Statutory Documents Section

hl/gl
Enclosure

CAUSE NO. 201059052

| RECEIPT NO. 381082 | 0.00 | ATY |
| 09-13-2010 | | TR # 72581613 |

PLAINTIFF: MOORE & MOORE GENERAL CONTRACTORS INC     In The 61st
     vs.                                        Judicial District Court
DEFENDANT: SCOTTSDALE INSURANCE COMPANY       of Harris County, Texas
                                                   61ST DISTRICT COURT
                                                   Houston, TX

CITATION (SECRETARY OF STATE CORPORATE NON-RESIDENT)

THE STATE OF TEXAS                                        RECEIVED
County of Harris

                                                  OCT 1 4 2010

TO: SCOTTSDALE INSURANCE COMPANY MAY BE SERVED BY PROCESS BY SERVING THE     CLAIMS LEGAL
     SECRETARY OF STATE AT 1019 BRAZOS STREET AUSTIN TEXAS 78701 FORWARDED TO:
     DEAN MILLER PRESIDENT                                     RECEIVED
     8877 NORTH GAINEY CENTER DRIVE  SCOTTSDALE AZ 85258         SECRETARY OF STATE

                                                   OCT 0 1 2010

     Attached is a copy of ORIGINAL PETITION                       11:00 AM
                                                   CITATIONS
This instrument was filed on the 13th day of September, 2010, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 20th day of September, 2010, under my hand and
seal of said Court.

                                                              00189722

Issued at request of:                 LOREN JACKSON, District Clerk
LUNDQUIST, WILLIAM W              Harris County, Texas
440 LOUISIANA ST, STE. 1600        201 Caroline      Houston, Texas 77002
HOUSTON, TX 77002                (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 757-1400
Bar No.: 24041369                 GENERATED BY: MCDUGLE, RUTH ANN    V77/V77/8811094

OFFICER/AUTHORIZED PERSON RETURN

Received on the _____ day of _____, _____, at _____ o'clock _____ .M., and

executed the same in _____ County, Texas, on the _____ day of _____, _____, at

_____ o'clock _____.M., by summoning the _____,

         by delivering to _____, in person _____

a corporation <
         by leaving in the principal office during office hours

_____ of the said _____

a true copy of this notice, together with accompanying copy of

Serving _____ copy _____ $ _____

_____      By _____
          Affiant                                   Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                       _____
                                       Notary Public

N.INT.SECCN.P

# EXHIBIT C

Filed 10 October 19 P2:03
Loren Jackson - District Clerk
Harris County
ED101J016014723
By: Cristina Alarcon

CAUSE NO. 2010-59052

| | | |
|---|---|---|
| MOORE & MOORE GENERAL | § | IN THE DISTRICT COURT OF |
| CONTRACTORS, INC. | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
| AND WAYNE E. JONES | § | |
|     Defendants. | § | 61ST JUDICIAL DISTRICT |

## DEFENDANT SCOTTSDALE INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Scottsdale Insurance Company, hereinafter referred to as Defendant and files this its Original Answer to the Plaintiff's Original Petition and in support thereof would respectfully represent and show unto the Court the following:

Subject to and expressly without waiving any conditions, terms, or policy defenses, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demands strict proof thereof and of this puts itself upon the country.

## DEMAND FOR JURY

Defendant would show that it requests this case be transferred to the Court's active jury docket. A jury fee is being paid at the time of the filing of this Answer.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, that no recovery be had from Defendant, but that Defendant go hence without day and recover its costs, and for such other and further relief to which Defendant may be justly entitled and will ever pray.

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S ORIGINAL ANSWER** - PAGE 1

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: _____
      RANDALL G. WALTERS - 20819480
      GREGORY R. AVE - 01448900
      Founders Square
      900 Jackson Street, Suite 600
      Dallas, Texas 75202
      214/347-8281 - FAX
      214/347-8380 - DIRECT
      214/749-4805 - MAIN

      WALTERS, BALIDO & CRAIN, L.L.P.
      DAVID H. BRADLEY - 00783704
      2077 South Gessner, Suite 230
      Houston, Texas 77063
      713/335-0285
      FAX 713/335-0286

## CERTIFICATE OF SERVICE

This is to certify that on this the 19th day of October, 2010 a true and correct copy of the above document has been forwarded to all counsel of record.

_____
RANDALL G. WALTERS

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S ORIGINAL ANSWER** - PAGE 2

# EXHIBIT D

# INDEX OF MATTERS BEING FILED

1.    Notice of Removal
        i)      Exhibit A-Plaintiff's Original Petition;
        ii)     Exhibit B-Citation on Scottsdale Insurance Company;
        iii)    Exhibit C-Scottsdale Insurance Company's Original Answer and Jury Demand;
        iv)    Exhibit D-Index of Matters Being Filed
        v)     Exhibit E-Notice of Removal filed in the State Court Action.

2.    Civil Case Cover Sheet

3.    Notice to State Court of Removal to Federal Court

# EXHIBIT E

CAUSE NO. 2010-59052

| | | |
|---|---|---|
| MOORE & MOORE GENERAL | § | IN THE DISTRICT COURT OF |
| CONTRACTORS, INC. | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
| AND WAYNE E. JONES | § | |
|     Defendants. | § | 61ST JUDICIAL DISTRICT |

## NOTICE OF FILING NOTICE OF REMOVAL

In compliance with 28 U.S.C. § 1446(d), this is to provide notice that Defendant Scottsdale

Insurance Company has filed a Notice of Removal of the above-styled case in the United States

District Court for the Southern District of Texas, Houston Division.  A copy of the Notice of

Removal filed in said action is attached hereto as Exhibit "A." This court is respectfully requested

to proceed no further in this action, unless and until such time as the action may be remanded by

order of the United States District Court for the Southern District of Texas. *See*, 28 U.S.C. § 1446(d).

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: _____

RANDALL G. WALTERS - 20819480
Founders Square
900 Jackson Street, Suite 600
Dallas, Texas 75202
214/347-8381  - FAX
214/347-8380 - DIRECT
214/749-4805 - MAIN

## CERTIFICATE OF SERVICE

    This is to certify that on this the 1st day of November, 2010, a true and correct copy of the above document has been forwarded all counsel of record:

_____
RANDALL G. WALTERS

# EXHIBIT "A"